UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIFFANY RECINOS,<br><br>      Plaintiff,<br>  v.<br><br>VISION QUEST CHIROPRACTIC, *et al.*,<br><br>      Defendants. | CASE NO. 3:23-cv-5852-BHS<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: November 6, 2023 |

  The District Court has referred Plaintiff Tiffany Recinos' pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed Complaint to United States Magistrate Judge Grady J. Leupold pursuant to Amended General Order 11-22. On September 27, 2023, Plaintiff filed a proposed civil Complaint and an Application to Proceed *In Forma Pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkts. 4; 4-1.

  In determining whether IFP should be granted in this case, the Court has reviewed the proposed Complaint and finds the instant matter fails to state a claim upon which relief can be granted. Therefore, the Court recommends this case be **DISMISSED without prejudice** and the Application to Proceed IFP (Dkt. 4) be **DENIED**.

REPORT AND RECOMMENDATION - 1

1     **Review of the Proposed Complaint.** The Court has carefully reviewed the proposed
2 Complaint in this matter. Because Plaintiff filed this Complaint *pro se*, the Court has construed
3 the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v.*
4 *Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). In her proposed Complaint, Plaintiff
5 names Vision Quest Chiropractic and the State of Washington as Defendants. Dkt. 4-1. Plaintiff
6 alleges that Vision Quest Chiropractic illegally secured a lien against her property for medical
7 services and, in 2020, signed a satisfaction of that lien without recording it. *Id*.

8     ***Sua Sponte* Dismissal.** The district court may permit indigent litigants to proceed IFP
9 upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the Court
10 must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory
11 screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to
12 state a claim on which relief may be granted," or "seeks monetary relief against a defendant who
13 is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d
14 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to
15 prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28
16 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP
17 complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable
18 substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir.
19 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985)); *see also Franklin v. Murphy*,
20 745 F.2d 1221, 1228 (9th Cir. 1984).

21     Furthermore, a federal court may dismiss a case *sua sponte* pursuant to Federal Rule of
22 Civil Procedure 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which
23 relief maybe granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A
24

REPORT AND RECOMMENDATION - 2

trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *see also Mallard v. United States Dist. Court*, 490 U.S. 296, 307–08 (1989) (noting there is little doubt a federal court would have the power to dismiss a frivolous complaint *sua sponte*, even in absence of an express statutory provision).

Here, Plaintiff's proposed Complaint is difficult to comprehend. Plaintiff claims that, under Washington law, the lien for medical services against her property had expired and should have been terminated prior to the date she was informed the lien had been satisfied. Dkt. 4-1. Plaintiff does not explain the wrong-doing of Vision Quest Chiropractic or the State of Washington and the legal basis for Plaintiff's claims is unclear. She provides a conclusory statement alleging her constitutional rights of liberty and the pursuit of happiness were violated, but has not provided any allegations explaining how these Defendants violated her rights. *Id*. at 3. Moreover, she alleges that all parties are located in the State of Washington; thus, there is no diversity jurisdiction. After consideration of the allegations in the proposed Complaint, the Court finds the proposed Complaint does not state a claim for which relief can be granted.

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). As Plaintiff's proposed Complaint does not appear to have any basis in law and the claims against Defendants appear to be based solely on conjecture, the Court finds any attempt by Plaintiff to amend the proposed Complaint would be futile. As such, the Court finds Plaintiff should not be afforded leave to amend her proposed Complaint.

**Decision on Application to Proceed IFP.** A district court may deny leave to proceed IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998); *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). Because Plaintiff's proposed Complaint fails to state a claim, the Court recommends Plaintiff's Application to Proceed IFP (Dkt. 4) be denied.

**Conclusion.** For the above stated reasons, the undersigned recommends Plaintiff's Application to Proceed IFP (Dkt. 4) be **DENIED** and this case be **DISMISSED without prejudice**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **November 6, 2023**, as noted in the caption.

Dated this 23rd day of October, 2023.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4